UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VILLAGE OF CAMDEN, OHIO,

    Plaintiff,

vs.

CARGILL, INCORPORATED, *et al.*,

    Defendants.

Case No. 3:20-cv-273

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

**ORDER: (1) REMANDING THIS CASE TO STATE COURT AND (2) TERMINATING THIS CASE ON THE DOCKET**

This civil case is before the Court pursuant to a *sua sponte* review of the Notice of Removal filed by Defendant Cargill, Incorporated ("Cargill") and Defendant Central Salt L.L.C. ("Central Salt"). Cargill and Central Salt removed this case from the Preble County Court of Common Pleas ("state court"), where it was originally commenced in June 2020. Doc. No. 1. Subsequently, the Court put on a Show Cause Order to request additional briefing from the parties regarding subject matter jurisdiction. Doc. No. 27. Cargill and Central Salt responded to the Show Cause Order (doc. no. 28) and Plaintiff filed a memorandum in opposition (doc. no. 30). Thereafter, Cargill and Central Salt filed a reply (doc. no. 31).

**I.**

The Village of Camden ("Camden") brings this public nuisance and trespass action to recover damages from Cargill and Central Salt, along with R. Good Rentals, LLC; Good Rail & Truck Transfer, Inc.; and R. Good Enterprises, LLC (collectively, the "Good Defendants"). At issue is Defendants' alleged contamination of Camden's public water system. Doc. No. 2.

Camden brings this action as *parents patriae* on behalf of its residents and businesses. *Id*. at PageID 74.

At some point late in 2010, Camden discovered that salt from a pile located and managed by Central Salt and Cargill, on property that was owned or managed by the Good Defendants, had migrated through the soil and into the groundwater that feeds the sole source of Camden's water supply. Doc. No. 2 at PageID 76. The salt contaminated the water with concentrations exceeding state and federal drinking water standards. *Id*. This contamination is still present, which led Camden to file this action. *Id*. at PageID 78. Camden alleges that Defendants knew or should have known that the location of the salt pile created a risk of contaminating the aquifer. *Id*. Camden additionally alleges that Defendants have failed to remove the ongoing contamination. *Id*.

**II.**

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court is required to remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). When the notice of removal is deficient, a district court is required to remand the case even absent a motion to remand. *See Probus v. Charter Comms., LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) (district court erred by failing to remand *sua sponte* for lack of diversity removal jurisdiction); *Lexington-Fayette Urban Cty. Gov't Civil Comm'n v. Overstreet*, 115 F. App'x 813, 817-18 (6th Cir. 2004) (district court erred by failing to remand *sua sponte* for lack of federal-question removal jurisdiction). Moreover, the Court has a duty to determine *sua sponte* whether subject matter jurisdiction exists in each case before it. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

## III.

Cargill and Central Salt removed this case from state court, asserting that the District Court possesses diversity jurisdiction under 28 U.S.C. § 1332(a)(1). However, complete diversity of citizenship is lacking. *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) ("A federal court has [diversity] jurisdiction only if complete diversity exists, only if each of the plaintiffs comes from a different state from each of the defendants"). Plaintiff is a political subdivision of Ohio and, thus, an Ohio resident for diversity jurisdiction purposes. Doc. No. 2 at PageID 73; *see also State of Ohio v. Ultracell Corp.*, No. 2:16-cv-187, 2017 WL 430731, at *2 (S.D. Ohio Jan. 30, 2017). Good Rail -- although dissolved in 2013 -- was a corporation organized under the laws of Ohio and, thus, an Ohio resident for diversity jurisdiction purposes. Doc. No. 1 at PageID 4-5; 28 U.S.C. § 1332(c)(1).

To eliminate this lack-of-diversity problem, Cargill and Central Salt contend that Good Rail is an improperly joined party. They point out that under Ohio Rev. Code § 1701.88, a dissolved corporation cannot be sued more than five years after its dissolution. Applying this rule, they reason that because Good Rail dissolved in 2013, it should be disregarded for purposes of determining diversity jurisdiction. Doc. No. 28 at PageID 414-17, 421-22.

In support of this contention, Cargill and Central Salt cite cases from states other than Ohio. Rather than interpret or apply Ohio Rev Code § 1701.88, those cases involved other state statutes. Doc. No. 28 at PageID 417-21. Those non-Ohio statutes are not controlling in the instant case. Instead, Ohio's winding-up statute, § 1701.88, controls the jurisdiction determination at hand. *Cafaro Nw. Ptnshp. v. Bag N' Baggage, Ltd.*, No. 4:99-CV-3192, 2000 WL 270980, at *2 n.7 (N.D. Ohio Mar. 3, 2000).

Section 1701.88 provides that new claims may be asserted against a dissolved corporation "before five years after the date of the dissolution … ." Ohio Rev. Code § 1701.88(B)(2). In this manner, Ohio law "limits the period a dissolved Ohio corporation can be liable for any existing claim or right against it to five years after the corporation's dissolution." *Ohio ex rel. DeWine v. Breen*, 362 F.Supp.3d 420, 441 (S.D. Ohio 2019). If this were all Ohio's winding up statute said, Cargill and Central Salt's conclusion -- that the Village's claim against Good Rail fails as a matter of law and, consequently, Good Rail was improperly joined -- would be well taken.

However, Ohio Rev. Code § 1701.88(C) additionally provides that "[a]ny claim existing or action or proceeding pending by or against the corporation *or which would have accrued against it* may be prosecuted to judgment, with right of appeal as in other cases. Ohio Rev. Code § 1701.88(C) (emphasis added). In *Chadwick v. Air Reduction Co. Inc.*, the Northern District of Ohio interpreted this language and found "[i]t is this Court's opinion that the Ohio statute represents a substantial departure from the standard of the Model Act, and that the statute must be given full meaning. Statutes extending the vitality of a dissolved corporation for purposes of suit are remedial in nature and should be given a liberal construction." 239 F.Supp. 247, 250 (N.D. Ohio 1965) (citing 16 A Fletcher Cyclopedia Corporations § 8143; *American Oak Leather v. Peck*, 108 N.E.2d 179, 183 (1951)).

The *Chadwick* court construed the phrase "any claim existing or action or proceeding pending by or against the corporation" to be broad enough to cover all pre-dissolution torts, including "those upon which suit has not yet been brought." *Chadwick*, 239 F.Supp. at 251. The court opined that the statute was intended to be read as:

> Any claim existing (not yet sued upon) or action or proceeding (already commenced) pending by or against the (dissolved) corporation or (any claim not yet sued upon or action or proceeding) which would have accrued against it (had

dissolution not occurred) may be prosecuted to judgment, with right of appeal as in other cases

*Id*.

Later courts have affirmed this interpretation of the language in Ohio Rev. Code § 1701.88(C). *Bob's Beverage, Inc. v. ACME, Inc.*, 169 F. Supp.2d 695, 719 (N.D. Ohio 1999); *Bd. of Trustees of Plumbers, Pipe Fitters & Mech. Equip. Serv., Loc. Union No. 392 Pension Fund v. Bison Const., LLC*, No. 1:08-CV-901, 2010 WL 1254104, at *2 (S.D. Ohio Feb. 2, 2010), report and recommendation adopted, (S.D. Ohio Mar. 23, 2010); *Gucciardi v. Bonide Prod., Inc.*, No. 12-932, 2013 WL 159924, at *3 (E.D. Pa. Jan. 15, 2013) (interpreting Ohio law); *Land O'Lakes, Inc. v. Nationwide Tanks, Inc.,* No. Civ.A.11–486, 2006 WL 2390455, at *6–7 (Ohio Ct. App. Aug. 21, 2006). An Ohio appellate court elaborated on this interpretation, stating "[t]his does not mean… that a corporation remains vulnerable to unlimited litigation following its dissolution. Rather, the statute operates to restrict post-dissolution litigation to those causes of action which accrued prior to the entity's termination or would have accrued as a result of corporate actions executed prior to dissolution." *Land O'Lakes, Inc.*, 2006 WL 2390455 at *6–7.

The Village's claims against Good Rail fall within the confines of the accrual language set forth in Ohio Rev. Code § 1701.88(C). The complaint alleges that the Village's claims against Defendants, Good Rail included, accrued in 2010. *See* Doc. No. 2. Good Rail did not dissolve until April 18, 2013, so the Village's claims accrued approximately three years prior to the corporation's dissolution. Doc. No. 1-8. Consequently, Good Rail was properly joined as a party in this case and, consequently, complete diversity of citizenship between the Village and all Defendants does not exist.

## IV.

The Court thus holds that it does not have subject matter jurisdiction over this lawsuit. As required by 28 U.S.C. § 1447(c), this case is **REMANDED** to the state court from which it was removed. The Clerk shall enter judgment accordingly. This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:   May 14, 2021                             s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge